KIMBERLY ZIZZA & others[1] *vs.* SCOTT ZIZZA & others.[2]

Essex. December 9, 2009. - March 30, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*District Court,* One-trial system, Jurisdiction. *Superior Court,* Jurisdiction. *Jurisdiction,* Equitable.

This court concluded that under the one-trial system, where, in a civil action filed in the Superior Court seeking money damages only, the defendant timely objects to the matter proceeding in that court, the judge, after required notice to and opportunity for written responses from the parties, must dismiss the complaint if satisfied that there is no reasonable likelihood the plaintiff will recover more than $25,000 [405-406]; however, where the complaint in such an action seeks equitable relief as well as money damages, G. L. c. 212, § 3, vests discretion in the judge to determine whether to exercise jurisdiction over the complaint [406-408].

In a civil action filed in Superior Court seeking money damages as well as equitable relief, the judge did not abuse his discretion in allowing a motion to dismiss that was timely filed by two of the three defendants, on grounds of failure to satisfy the amount in controversy requirement applicable to the Superior Court, where the judge recognized that the plaintiff had asserted an equitable claim within the Superior Court's general jurisdiction, but concluded that the action was one where the contract claim for damages was paramount, the amount at issue was small, and the District Court was better equipped to handle such a matter [408-409]; moreover, while the judge erred in treating the third defendant's motion to dismiss as timely, G. L. c. 212, § 3A (*b*), nonetheless gave the judge discretion to consider, sua sponte, whether to dismiss the complaint, and, in the circumstances of the case, this court concluded that the order of dismissal should be affirmed [409-410].

CIVIL ACTION commenced in the Superior Court Department on December 12, 2008.

Motions to dismiss were heard by *Howard J. Whitehead,* J.

An appeal from a judgment of dismissal was heard by *Peter J. Rubin,* J., in the Appeals Court, and the case was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

[1]Mikaela Zizza and Brandi Zizza.
[2]Plastics Concepts, Inc., and Michael Thompson.

*Kimberly A. Zizza* for the plaintiffs.

*Kenneth A. Cossingham* for Plastic Concepts, Inc., & another.

*William P. Boland* for Scott Zizza.

BOTSFORD, J. The statutes comprising the Commonwealth's one-trial system lie at the heart of this case. The plaintiff filed an action in the Superior Court asserting separate claims for equitable relief and money damages. Pursuant to G. L. c. 212, § 3, one of the one-trial system statutes, a Superior Court judge determined that damages on the legal claims were not likely to exceed the threshold amount of $25,000 and dismissed the complaint, notwithstanding the presence of the equity claim that fell squarely within the Superior Court's general equity jurisdiction. We conclude that c. 212, § 3, and the additional one-trial system statutory provisions, vest discretionary authority in a Superior Court judge to follow such a course.

1. *Background.*[3] In December of 2008, Kimberly Zizza and her two minor children (referred to collectively as the plaintiff) filed this action in the Superior Court against Scott Zizza, Kimberly Zizza's former husband and the father of the two children; Plastic Concepts, Inc. (Plastic Concepts), Scott Zizza's employer; and Michael Thompson, the principal of Plastic Concepts. The plaintiff's complaint set out a number of different claims, but primarily alleged the breach of an agreement or contract between Kimberly and Scott Zizza relating to child support. In particular, the complaint alleged that in 1999, Scott Zizza agreed in writing that he would pay the plaintiff $262 per week for child support, "and would have such taken from his paycheck by his employer and sent directly to Kimberly Zizza." It further alleged that Scott Zizza and Plastic Concepts complied with this agreement from 1999 onward, but since June, 2008, no weekly paycheck deduction occurred; since September, 2008, Scott Zizza failed both to make regular child support payments

---

[3]The background facts are taken from the complaint filed in the Superior Court. The plaintiff's briefs and record appendix do not comply with the Massachusetts Rules of Appellate Procedure. See Mass. R. A. P. 16, as amended, 428 Mass. 1603 (1999); Mass. R. A. P. 18, as amended, 428 Mass. 1601 (1998). The plaintiff's initial brief and the record appendix contain many factual allegations and some documents, respectively, that do not appear to have been part of the record before the Superior Court. We have not considered them. We accept the complaint's allegations as true for purposes of this appeal. See, e.g., *Eigerman* v. *Putnam Invs., Inc.*, 450 Mass. 281, 282 (2007).

and to pay his agreed-on portion of uninsured medical expenses for the children. The complaint's claims for relief included payment of the alleged child support arrearages as well as an order, characterized by the plaintiff as specific performance of the contract, against Scott Zizza and Plastic Concepts, requiring $262 to be deducted from Scott Zizza's weekly pay and given directly to the plaintiff.

On December 31, 2008, Scott Zizza filed an answer to the complaint. He denied the allegations that he failed to make timely child support payments and raised a number of affirmative defenses, including failure to state a claim on which relief can be granted, statute of limitations, and lack of subject matter jurisdiction. He did not include in the answer a defense of failure to satisfy the amount in controversy requirement of the Superior Court pursuant to Mass. R. Civ. P. 12 (b) (10), as appearing in 450 Mass. 1403 (2008),[4] and he did not file before his answer a separate motion to dismiss raising this defense.

On February 20, 2009, Plastic Concepts and Thompson filed a motion to dismiss the complaint. They based their motion on Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), lack of subject matter jurisdiction; rule 12 (b) (5), 365 Mass. 754 (1974), insufficiency of service of process; rule 12 (b) (6), 365 Mass. 754 (1974), failure to state a claim on which relief can be granted; and rule 12 (b) (10), failure to satisfy the amount in controversy requirement to proceed in the Superior Court. (See note 4, *supra.*)

---

[4]Rule 12 (b) (10) of the Massachusetts Rules of Civil Procedure, as appearing in 450 Mass. 1403 (2008), and applicable to all actions commenced on or after March 1, 2008, provides as follows:

> "(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . .

> "(10) Improper amount of damages in the Superior Court as set forth in G. L. c. 212, § 3, or in the District Court as set forth in G. L. c. 218, § 19."

Before the addition in 2008 of rule 12 (b) (10) to the defenses set out in rule 12 (b), the defense of improper amount of damages was required to be raised in the answer. See Reporters' Notes to Mass. R. Civ. P. 12 (b) (10), Mass. Ann. Laws, Rules of Civil Procedure, at 186 (LexisNexis 2008).

Thereafter, on March 13, 2009, Scott Zizza followed suit and also filed a separate motion to dismiss under rules 12 (b) (1), (6), and (10).

The plaintiff filed oppositions to both motions to dismiss. With respect to the defense of lack of amount in controversy under rule 12 (b) (10), the plaintiff countered that because one type of relief sought in the complaint was specific performance — an equitable remedy — and because the Superior Court has the general authority to order such equitable relief, jurisdiction in the Superior Court was proper. She also contended that if consideration were given to the arrearages as well as the nonpayment of child support likely to occur in the future (i.e., until the children are "emancipated"), the amount of money damages likely would exceed $25,000. After a hearing, a judge in the Superior Court ordered the complaint dismissed against all defendants pursuant to rule 12 (b) (10), for failure to satisfy the amount in controversy requirement applicable to the Superior Court.[5]

Pursuant to G. L. c. 212, § 3A (c),[6] the plaintiff appealed the dismissal of the complaint to a single justice of the Appeals Court. Although the single justice found the damages sought by the plaintiff would be less than $25,000, he also noted that the Superior Court clearly had jurisdiction over the plaintiff's equitable claim for relief; the equitable claim was "material to the alleged contract" at issue; and there was no indication that the equitable claim was made in bad faith. The single justice vacated the order of dismissal. However, because the single justice found that the case involved a "close question" and a "recur-

---

[5]Although the judge stated in his written order of dismissal that all the claims against Plastic Concepts and Thompson were without merit and further that the claims against Scott Zizza, except for the contract claim, were also without merit, he did not dismiss the complaint for failure to state a claim under rule 12 (b) (6). Rather, the dismissal was based solely under rule 12 (b) (10). We therefore consider only rule 12 (b) (10) and take no position on the underlying merits of the plaintiff's claims.

[6]General Laws c. 212, § 3A (c), provides in pertinent part:

"In any case where the superior court dismisses the case as provided in this section, the plaintiff may take an appeal as hereinafter provided. The appeal shall be to a single justice of the appeals court . . . as the next sitting thereof. . . . The single justice . . . may enter or revoke that order or process. The decision of the single justice . . . as to the dismissal shall be final."

ring issue of significant importance," he reported the matter to a panel of the Appeals Court. Thereafter, we transferred the case to this court on our own motion.

2. *Discussion.* In 2004, the Legislature enacted a one-trial system for civil cases throughout the Commonwealth. St. 2004, c. 252. See *Sperounes* v. *Farese*, 449 Mass. 800, 802-804 (2007) (*Sperounes*) (discussing one-trial system statutory background and history). Under the one-trial system, a civil action for money damages filed in the Superior Court may proceed to trial in that court "only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000," G. L. c. 212, § 3, as amended by St. 2004, c. 252, § 2[7]; and an action for money damages filed in the District Court or Boston Municipal Court[8] may proceed to trial there "only if there is no reasonable likelihood that recovery by the plaintiff will exceed $25,000." G. L. c. 218, § 19, as amended through St. 2004, c. 252, § 5.[9]

With respect to civil actions seeking solely money damages in the District Court, we previously have held that although the $25,000 limitation on damages imposed by G. L. c. 218, § 19, is not jurisdictional, a judge in the District Court *must* dismiss the case if a defendant timely objects on the ground that the

---

[7]General Laws c. 212, § 3, as amended by St. 2004, c. 252, § 2, provides in pertinent part:

> "Except as otherwise provided by law, the court shall have original jurisdiction of civil actions for money damages. The actions may proceed in the court only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000, or an amount ordered from time to time by the supreme judicial court. Where multiple damages are allowed by law, the amount of single damages claimed shall control."

[8]We refer to the District Court and the Boston Municipal Court collectively as the District Court. See *Sperounes* v. *Farese*, 449 Mass. 800, 801 n.2 (2007) (*Sperounes*).

[9]General Laws c. 218, § 19, as amended through St. 2004, c. 252, § 5, provides in pertinent part:

> "Except as otherwise provided by law, the district court and Boston municipal court departments shall have original jurisdiction of civil actions for money damages. The actions may proceed in the courts only if there is no reasonable likelihood that recovery by the plaintiff will exceed $25,000, or an amount ordered from time to time by the supreme judicial court. Where multiple damages are allowed by law, the amount of single damages claimed shall control."

level of anticipated damages will exceed $25,000, and the judge agrees with this assessment. *Sperounes*, 449 Mass. at 806. Requiring dismissal in this circumstance is consistent with the statutory language that an action may proceed in the District Court "only if" there is *no* reasonable likelihood that damages recovered by the plaintiff will exceed $25,000.[10] *Id.* at 806-807.

The reasoning of the *Sperounes* case equally applies to actions commenced in the Superior Court. It therefore follows that, in an action filed in the Superior Court seeking money damages only, if a defendant timely objects[11] under G. L. c. 212, § 3, to the matter proceeding in the Superior Court, the judge, after required notice to and opportunity for written responses from the parties, *must* dismiss the complaint if satisfied that there is no reasonable likelihood the plaintiff will recover more than $25,000.

In the present case, we agree with the Superior Court judge and the single justice of the Appeals Court that any damages awarded to the plaintiff are not likely to exceed $25,000. Possible unpaid amounts of child support in the future may not currently be considered as part of the plaintiff's damages. See, e.g., *Larson v. Larson*, 30 Mass. App. Ct. 418, 426 (1991) ("later violations [by defendant of monthly payment obligations pursuant to divorce agreement] were not and could not have been raised in the original action because the times for payment had not yet occurred or given rise to any cause of action in favor of [plaintiff]"). See also 4 A. Corbin, Contracts § 956 (1951). It does not necessarily follow, however, that, in accordance with the rationale of *Sperounes*, the complaint in this case was required to be dismissed because the Superior Court's threshold amount in controversy had not been met. Rather, the presence of the equity claim, falling squarely within the Superior Court's broad equity jurisdiction, see G. L. c. 214, § 1,[12] requires us to examine and apply different provi-

---

[10]In *Sperounes*, we also concluded that even in the absence of a timely objection to the case proceeding in the District Court, G. L. c. 218, § 19A, vested discretion in a District Court judge "to determine whether to retain or dismiss the complaint." *Id.* at 807.

[11]With the adoption of rule 12 (b) (10) in 2008, a timely objection by a party must be made by filing a motion to dismiss under this rule or by including the defense in the party's answer. Rule 12 (b) (10) was not in effect at the time of the *Sperounes* decision.

[12]General Laws c. 214, § 1, grants the Superior Court "original and concur-

sions of the one-trial system's statutory scheme than were at issue in *Sperounes*. But as we did in *Sperounes*, we do so here with the goal of interpreting the relevant statutory provisions to reflect and carry out the legislative intent behind them. See *Sperounes*, 449 Mass. at 804.

We have previously stated that the intent or purpose of the one-trial system was to increase the efficacy of trials in the District and Superior Courts over the inefficient remand-removal system that had previously been in effect. See *Sperounes, supra* at 804-805. See also *Ravnikar* v. *Bogojavlensky*, 438 Mass. 627, 634 (2003); *Herman* v. *Home Depot*, 436 Mass. 210, 215 (2002). To that end, and in implicit recognition that the Superior Court already possessed jurisdiction over equity claims, the 2004 one-trial system enabling legislation, St. 2004, c. 252, § 8, amended G. L. c. 218, § 19C, to give the District Court "the same equitable powers and jurisdiction as is provided for the superior court pursuant to [G. L. c. 214] . . . for the purpose of the hearing and disposition of . . . civil actions for money damages under [§] 19 of this chapter." See *Ravnikar* v. *Bogojavlensky*, *supra* (describing earlier, geographically-limited iteration of the one-trial system: "Under the new one trial system . . . the District Court may exercise the same equitable powers and jurisdiction as the Superior Court to resolve the entire case").

With this statutory purpose in mind, we turn to the issue of the plaintiff's equity claim. The single justice of the Appeals Court appears to have concluded that in light of the Superior Court's general equity jurisdiction, see G. L. c. 214, § 1, the Superior Court judge was authorized to hear the equitable claim and, to avoid duplication of effort, was obligated to exercise ancillary jurisdiction over the plaintiff's claims for damages that were not likely to exceed $25,000. See *Bushnell* v. *Bushnell*, 393 Mass. 462, 467 (1984), citing *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640 (1978) (courts may consider and decide matters ancillary or incidental to main cause of action even if ancillary matter, standing on its own, would not be within court's original jurisdiction). While we agree that a Superior Court judge has the power to exercise ancillary jurisdiction over damages claims for less than the

rent jurisdiction [with the Supreme Judicial Court] of all cases and matters of equity cognizable under the general principles of equity jurisprudence"

statutory threshold amount, we disagree that the judge would be required to do so whenever a complaint also contains an equity claim. Rather, we interpret G. L. c. 212, § 3, to vest discretion in the Superior Court judge to determine whether or not to exercise jurisdiction over the complaint in such circumstances, thereby either retaining the case for decision in the Superior Court despite the absence of the threshold amount in controversy, or dismissing the case despite the equity claim.[13] If the judge were to decide dismissal is appropriate, the plaintiff of course would be entitled to refile the same complaint, seeking the same mixed types of relief, in the District Court. See G. L. c. 212, § 3A (b).

This interpretation of the relevant statutes best serves the efficiency goal of the one-trial system, as it avoids the "anomalous situation of requiring bifurcated claims," *Herman* v. *Home Depot*, 436 Mass. at 215, and also gives full effect to both the Superior Court and the District Court one-trial system statutes. In particular, we think vesting the Superior Court judge with such discretion gives meaningful recognition to the fact that, as previously discussed, under G. L. c. 218, § 19C, the District Court has authority to decide equitable claims that are joined with claims for money damages of $25,000 or less.

At least with respect to Plastic Concepts and Thompson,[14] the judge properly followed the course we have just described. In

---

[13]In making the discretionary determination whether to dismiss or to retain jurisdiction over a case raising both damages and equitable claims, relevant factors for the judge to consider would include, without limitation, the relative predominance of the equitable and damages claims in the particular case — put another way, whether the gravamen of the complaint sounds in equity or law; whether the scope of the action, even with the equity claim included, is more similar to actions fitting within the $25,000 or less amount in controversy limitation; and whether the resolution of the matter will be substantially delayed by dismissal or particularly costly to the parties because of the number of filings that will need to be repeated in the District Court. Cf. *Sperounes*, 449 Mass. at 807 (discussing factors relevant to judge's determination whether to dismiss action sua sponte for lack of appropriate level of potential damages).

[14]Plastic Concepts and Thompson raised the defense of improper amount of damages in the initial motion to dismiss they filed on February 20, 2009. The plaintiff contends that the motion was untimely because a default had previously entered against these defendants, and on the date of the filing of the motion to dismiss, the default had not been removed. The plaintiff is incorrect: the docket indicates that before filing the motion to dismiss, these defendants moved to set aside the default, and the motion was allowed.

ordering the complaint dismissed under rule 12 (b) (10), the judge recognized that the plaintiff had asserted an equitable claim within the Superior Court's general jurisdiction but concluded that the action was one where the contract claim for damages was paramount, the amount at issue small, and that although he might exercise his discretion to retain the action in the Superior Court, "the District Court is better equipped than the Superior Court to handle such a matter on a time-and-cost-efficient basis." This discretionary determination was within the judge's authority to make.

The judge's dismissal of the plaintiff's claims against Scott Zizza under rule 12 (b) (10) stands on somewhat different footing. Scott Zizza's motion to dismiss under rule 12 (b) (10) was filed after he had answered the plaintiff's complaint without raising this defense. Thus, it was not filed on a timely basis. See Mass. R. Civ. P. 12 (h) (1), as appearing in 450 Mass. 1403 (2008).[15] Insofar as the judge treated Scott Zizza's motion as timely and properly before him, the judge was in error. However, just as G. L. c. 218, § 19A, gives a District Court judge discretion to consider, sua sponte, whether to dismiss a complaint that *does not comply with the damage limitation requirement* for proceeding in the District Court (see note 10 *supra*, citing *Sperounes*, 449 Mass. at 807), G. L. c. 212, § 3A (*b*),[16] vests similar

---

[15]Rule 12 (h) (1) of the Massachusetts Rules of Civil Procedure, as appearing in 450 Mass. 1403 (2008), and applicable to all actions commenced on or after March 1, 2008, provides as follows:

"A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, misnomer of a party, pendency of a prior action, or improper amount of damages is waived (A) if omitted from a motion in the circumstances described in subdivision (g) [Consolidation of Defenses in Motion], or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) [Amendments] to be made as a matter of course."

[16]General Laws c. 212, § 3A (*b*), provides in relevant part:

"If it appears to the court, from the statement of damages by the plaintiff that there is no reasonable likelihood that the estimated damages will be consistent with the civil money damage limits of the court, as set forth in [§] 3, the judge, after receiving written responses from the parties and after a hearing, if requested by any party, may dismiss the case without prejudice for failure to comply with the requirements of said [§] 3 regarding the amount necessary for proceeding in the superior court."

discretionary authority in a Superior Court judge. That is, under the latter statute, a Superior Court judge may raise the issue of the damage limitation amount in connection with a civil action that includes a claim for money damages, whether or not an equitable claim is included, and even though no timely motion to dismiss on this ground has been filed.[17]

Given this conclusion, there is a question whether we should remand the case to the Superior Court judge to consider whether he would exercise his discretion to dismiss the complaint against Scott Zizza. See, e.g., *Scott* v. *NG US 1, Inc.*, 450 Mass. 760, 773 (2008). However, in the circumstances of this case — where the parties had the opportunity to place their views on the dismissal issue before the judge and a hearing was held, and where the judge's order of dismissal clearly indicated his determination that dismissal of the claims against Scott Zizza was appropriate — we see no need for remand. Moreover, because we find no abuse of discretion in the judge's determination that the plaintiff's claims against Scott Zizza should be dismissed, we conclude that the order of dismissal should be affirmed.[18]

3. *Conclusion.* The order of the single justice of the Appeals Court is reversed, and the matter is remanded to the Appeals Court for entry of an order affirming the Superior Court judgment of dismissal.

*So ordered.*

---

[17]As stated in *Sperounes*, the judge must solicit written responses from the parties, and, if a party so requests, hold a hearing before dismissing the case on his or her own motion. *Sperounes*, 449 Mass. at 806.

[18]As indicated previously, dismissal of the plaintiff's Superior Court complaint under rule 12 (b) (10), and G. L. c. 212, § 3, permits the plaintiff to recommence the action in the District Court pursuant to G. L. c. 212, § 3A (*b*). Although argued by the parties, the issue whether the plaintiff is required to or should proceed in the Probate and Family Court rather than the District Court — because child support payments are the central matter in dispute, see, e.g., *White* v. *Laingor*, 434 Mass. 64 (2001); G. L. c. 119A, § 1 — is not before us.