Gardner, J.
The plaintiff, Fairfield Equine Associates PC (“Fairfield”), brought this collection action against the defendant, Elliot Saffran (“Saffran”), to recover payment for veterinary care provided to Saffran’s horse. Saffran counterclaimed for medical malpractice, negligence, intentional and negligent infliction of emotional distress, and defamation. Summary judgment entered in favor of Fairfield on both its complaint and the counterclaims. This Dist./Mun. Cts. R. A D. A., Rule 8C appeal by Saffran followed.
1. Saffran’s argument that the trial court erred in failing to dismiss Fairfield’s complaint, which sought $41,846.02 in an attached statement of damages, is without merit. Although G.L.c. 218, §19 provides that civil actions for money damages may proceed in the District Court “only if there is no reasonable likelihood that recovery by the plaintiff will exceed $25,000,” the Supreme Judicial Court has held that this “statutory requirement is procedural, that an objection to whether that requirement has been satisfied must be raised by the defendant, at a minimum, in his answer, and that the failure to raise an objection in a timely manner results in its waiver.” Sperounes v. Farese, 449 Mass. 800, 806 (2007).
*222 In this case, Saffran contends that he properly challenged the procedural amount in his answer by raising the affirmative defense of lack of subject matter jurisdiction. We disagree. See Zizza v. Zizza, 456 Mass. 401, 409 (2010) (holding that defendant, though his answer had included affirmative defense of lack of subject matter jurisdiction, failed to raise the amount-in-controversy requirement of Superior Court, G.L.c. 212, §3, which permits civil actions for money damages to proceed “only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000”). Given his failure to raise the procedural amount in either his answer, or in a Mass. R. Civ. E, Rule 12(b) (10) motion to dismiss filed before his answer,[3] Saffran waived his objection.
Further, Saffran fails to show that the trial court otherwise abused its discretion in failing to dismiss, sua sponte, Fairfield’s complaint. In the absence of a timely objection to the procedural amount, a District Court judge has discretion under G.L.c. 218, §19A to determine, sua sponte, whether to retain or dismiss the complaint. Zizza, supra at 409; Sperounes, supra at 807. In making this determination, Sperounes instructs:
In determining whether to dismiss the action, the judge should consider the amount reasonably likely to be recovered by the plaintiff and whether that amount is marginally or substantially higher than $25,000; whether the matter would be more appropriate for a jury of twelve or a jury of six; and whether resolution of the matter will be substantially delayed by dismissal, or particularly costly to the parties because of the number of filings that will need to be repeated in the Superior Court. A judge should also consider other relevant factors presented by the parties and whether the action is similar in scope to those that fit within the $25,000 limitation.
Id at 807. Although the amount sought by Fairfield is nearly double the $25,000.00 damages limitation, the present case is a simple breach of contract action, the resolution of which would have been significantly delayed by dismissal, given (hat Saffran first raised the procedural amount in a motion to dismiss and opposition to summary judgment, both filed September 30,2009, only two weeks before the court heard arguments on summary judgment on October 14,2009. In the circumstances of this case, we find no abuse of discretion.
2. Saffran also argues, incorrectly, that the trial court erred in awarding Fairfield summary judgment on its contract claim.
*223 “Summary judgment is appropriate where there is no genuine issue of material fact, and where viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law.” Boehm v. Hanover Ins. Co., 2009 Mass. App. Div. 73, 74, quoting Opara v. Massachusetts Mut. Life Ins. Co., 441 Mass. 539, 544 (2004). “This affirmative burden may be met by the submission of pleadings, depositions, answers to interrogatories, admissions on file, affidavits, or other competent documentary evidence that satisfies the requirements of Rule 56(e).” Norfolk Fin. Corp. v. Mazard, 2009 Mass. App. Div. 255, 257. “It is only when the moving party has met this initial burden that the burden shifts to the non-moving party to defeat summary judgment by ‘seating] forth specific facts showing that there is a genuine issue for trial.’” Duffy v. Commerce Ins. Co., 2009 Mass. App. Div. 196, 197, quoting Mass. R. Civ. P., Rule 56(e).
In this case, Fairfield asserted in its summary judgment motion that it had entered into a written contract with Saffran on April 1, 2008 for the provision of veterinary care to Saffran’s horse; had treated Saffran’s horse from April 1, 2008 to August 10, 2008; and Saffran had refused to pay Fairfield’s invoices for such treatment. Fairfield attached to its motion the contract, unpaid invoices totaling $41,846.02, and an affidavit by its president, Richard D. Mitchell (“Mitchell”). Mitchell averred that he was “familiar with the books and records kept in this matter under the normal course of business,” that Saffran owed Fairfield $41,846.02 for services rendered to his horse, and that the contract and unpaid invoices attached to the summary judgment motion were accurate copies of the originals.
The Mitchell affidavit and attachments satisfied Fairfield’s burden of demonstrating no genuine issue of material fact as to its entitlement to payment under the contract. The burden thus shifted to Saffran to present evidence of a factual dispute. To do so, he could not “rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial.” Bardige v. Performance Specialists, Inc., 74 Mass. App. Ct. 99, 103 (2009), quoting Mass. R. Civ. P., Rule 56(e). See Baker v. Construction Mgt. Trust, Inc., 2008 Mass. App. Div. 113, 114. In this case, Saffran advanced no materials, other than a motion, in opposition to Fairfield’s summary judgment motion. Given his failure to advance any specific facts showing the necessity of a trial, the trial court properly granted summary judgment to Fairfield on its contract claim.
3. Saffran finally argues that the trial court erred in granting Fairfield summary judgment on Saffran’s counterclaims based on res judicata.
Res judicata comprises claim and issue preclusion. “Claim preclusion is applicable only where there is ‘(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits.’” Hoch v. Porrazzo, 2005 Mass. App. Div. 61, quoting Bui v. Ma, 62 Mass. App. Ct. 553, 561 (2004). “Issue preclusion, or collateral estoppel, bars the relitigation in a subsequent suit of an issue of fact or law that was ‘actually litigated and determined by a valid and final judgment, and the determination [was] essential to the judgment.’” Id., quoting Day v. Kerkorian, 61 Mass. App. Ct. 804, 809 (2004). “Res judica-ta thus precludes a second suit only when a final judgment has been entered on a claim, or a final determination of an issue has been made, in the first action.” Id.
Fairfield asserted in its summary judgment motion that Saffran raised in his coun *224 terclaims issues that had already been decided against him by an out-of-state court. Fairfield attached to its motion a written decision by the Connecticut Superior Court, dated September 17, 2008, in which the court dismissed two counts of Saffran’s four-count complaint against Fairfield and individual veterinarians arising from their treatment of his horse. The court found that Saffran had failed to attach to his complaint, as required by Conn. Gen. Stat. §52-190a, a written and signed opinion of a similar health care provider confirming the appearance of medical negligence. The court therefore dismissed Saffran’s medical malpractice claim against all of the defendants (count 1) and his negligence claim against the individual doctors (count 2) based on lack of subject matter jurisdiction.
The Connecticut Superior Court did not address in its written decision Saffran’s remaining counts for defamation (count 3) and infliction of emotional distress (count 4). Fairfield attached to its summary judgment motion in the present action, however, typed notice from the Connecticut clerk’s office to the Connecticut parties announcing the court’s allowance, on December 15, 2008, of Fairfield’s motion for judgment. According to the notice, the court allowed the motion on the ground that Saffran’s remaining counts for infliction of emotional distress and defamation had previously been stricken.[4]
In this case, Fairfield shouldered its burden of proving the elements of res judica-ta on Saffran’s counterclaim for intentional and negligent infliction of emotional distress (count 3) and defamation (count 4). Because Saffran failed to raise an issue of fact precluding summary judgment on that ground, summary judgment on those counts was properly entered.
Summary judgment was improper, however, on Saffran’s counterclaim for medical malpractice (count 1), given that there was no adjudication on the merits on this count in the prior Connecticut action. See Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 383 (2004), citing RESTATEMENT (SECOND) OF JUDGMENTS §26 comment c (1982) (where formal barriers, such as limitations on subject matter jurisdiction, existed in first action, plaintiff is not barred from bringing those claims in subsequent action); Bradford v. Richards, 11 Mass. App. Ct. 595, 597 (1981) (“Res judicata ... does not apply when the court which heard the first action did not have subject matter jurisdiction (or was limited by some other formal barrier) over the subject in the second action.”). Nor was summary judgment proper on Saffran’s counterclaim for negligence (count 2). His negligence claim in the Connecticut action was directed against the individual veterinarians, not Fairfield; and, even if that count had included Fairfield, it was likewise dismissed for lack of subject matter jurisdiction.
Accordingly, we affirm the trial court’s grant of summary judgment in favor of *225 Fairfield on its clam for breach of contract We also affirm summary judgment to Fairfield on Saffran’s counterclaim for infliction of emotional distress (count 3) and defamation (count 4). We vacate, however, the allowance of summary judgment to Fairfield on Saffran’s counterclaim for medical malpractice (count 1) and negligence (count 2). The case is returned to the Milford Division of the District Court Department for trial on those counts.
So ordered.

 Rule 12(b) (10) of the Mass. R. Civ. P. permits a pleader to raise by motion the defense of “[ijmproper amount of damages ... in the District Court as set forth in G.L.c. 218, §19.” Rule 12(b) cautions, however, that a motion raising this defense “shall be made before pleading if a further pleading is permitted.” Here, Saffran moved to dismiss under Rule 12(b) (10) on September 30, 2009 after he had answered Fairfield’s complaint without raising this defense on July 7, 2009. Thus, the motion was not filed timely. See Mass. R. Civ. E, Rule 12(h) (1) (B) (“A defense of ... improper amount of damages is waived ... if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof....”); Zizza, supra at 409.

 Although never filed in the Milford District Court, Saffran included in his appendix on appeal an unsigned copy of the defendants’ motion for judgment in the Connecticut action. The motion, dated December 5, 2008, recites that, after the Connecticut Superior Courtis dismissal of counts 1 and 2 of Saffran’s complaint for lack of subject matter jurisdiction, the defendants moved to strike the remaining counts of infliction of emotional distress and defamation. The motion indicates that the Connecticut court granted that motion on November 17,2008.