RESIDENCES AT CAPE ANN HEIGHTS CONDOMINIUM
ASSOCIATION *vs.* BRIAN HALUPOWSKI & others.[1]

No. 12-P-1689.

Essex. December 11, 2012. - February 21, 2013.

Present: KAFKER, MILKEY, & AGNES, JJ.

*Condominiums,* Common expenses. *Real Property,* Condominium. *Lien. Practice, Civil,* Dismissal. *Jurisdiction,* Superior Court, In rem. *Superior Court,* Jurisdiction.

A judge in the Superior Court erred in dismissing, without prejudice, a civil action by a condominium owners' association to enforce a statutory lien on one of the condominium's units, on the basis of unpaid common expenses, where the association was not seeking an order for the defendants to pay money damages, but rather an order for the sale of the unit, and therefore, the amount-in-controversy requirement of G. L. c. 212, § 3, did not apply. [333-335]

CIVIL ACTION commenced in the Superior Court Department on August 12, 2011.

An appeal from a judgment of dismissal was heard by *Green,* J., in the Appeals Court, and the case was reported by him to the Appeals Court.

*Gary M. Daddario* for the plaintiff.

MILKEY, J. The plaintiff is the owners' association of a residential condominium located in Gloucester. It brought this action to enforce a statutory lien on one of the condominium's units. The basis of the lien was $3,759.55 in unpaid common expenses. Concluding that the association was unlikely to recover more than $25,000, a judge of the Superior Court dismissed the action without prejudice. See G. L. c. 212, § 3A(*b*). The association appealed pursuant to G. L. c. 212, § 3A(*c*), and the single justice reserved and reported the matter without decision to a full panel of this court. We reverse.

---

[1]Noelle Halupowski and BAC Home Loans Servicing, L.P.

*Discussion.* Chapter 183A of the General Laws governs the creation and administration of condominiums. Pursuant to § 6 of that chapter, the condominium's common expenses are to be assessed against all units in the condominium in proportion to the units' interest in the condominium's common areas, and "[t]he organization of unit owners shall have a lien on a unit for any common expense assessment levied against that unit from the time the assessment becomes due." G. L. c. 183A, § 6(*a*)(i), as amended by St. 1992, c. 400, § 7. These assessments are levied against the units themselves, and constitute "covenants running with the land." *Trustees of the Prince Condominium Trust* v. *Prosser*, 412 Mass. 723, 725 (1992). The lien is enforceable through "a civil action brought in the superior court for the county where [the condominium] lies or in the district court in the judicial district where [the condominium] lies." G. L. c. 254, § 5, as amended by St. 2010, c. 350, § 7. See G. L. c. 183A, § 6(*c*). The outcome of such a suit, if successful, is an order for the sale of the unit, subject to the procedures outlined in G. L. c. 254, § 5A. Liens for common expenses hold priority over most other encumbrances on a unit, and enjoy priority over even a first mortgage for up to six months' worth of common expenses. G. L. c. 183A, § 6(*c*).

In addition to the assessment against the unit itself, the statute also makes the unit owner "personally liable for all sums assessed for his share of the common expenses," G. L. c. 183A, § 6(*b*), as amended by St. 1992, c. 400, § 7, and preserves the right of the condominium association to proceed against the unit owner individually for the amount owed. G. L. c. 183A, § 6(*c*). The Legislature has thus provided two routes by which a condominium association can recoup unpaid common expenses: an action in rem against the unit itself, or an action in personam against the unit owner. The instant case is an example of the former.

The nature of the action is sufficient to resolve the association's appeal. The judge, noting that the amount of unpaid common expenses the association was seeking to recover was less than $25,000, dismissed the complaint without prejudice based on the amount-in-controversy requirement for actions in the Superior Court under the Commonwealth's one-trial system. See generally

*Zizza* v. *Zizza*, 456 Mass. 401 (2010). However, that requirement by its terms applies only to "civil actions for money damages." G. L. c. 212, § 3.[2] Here, by contrast, the association is not seeking an order for the defendants to pay money damages, but rather an order for the sale of the unit. In fact, should the association prevail, no order would issue requiring the defendants to do anything at all; the remedy would be an order authorizing the sale of the unit at auction, with no action required on the defendants' part. See G. L. c. 254, § 5A. Thus, although styled as a suit against the unit's owner, this action is directed at the unit itself, based on expenses assessed against that unit.[3] Because this is not an "action . . . in which damages are awarded," *National Lumber Co.* v. *United Cas. & Sur. Ins. Co.*, 440 Mass. 723, 729-730 (2004), the amount-in-controversy requirement of G. L. c. 212, § 3, does not apply.

To be sure, an action to enforce a lien does include some aspects of an action for money damages: the judge will be required to make a determination as to the amount actually owed,[4] and the association ultimately will collect that amount out of the proceeds from the unit's sale. The judge below was

---

[2]General Laws c. 212, § 3, as amended by St. 2004, c. 252, § 2, provides in relevant part:

> "Except as otherwise provided by law, the [Superior Court] shall have original jurisdiction of civil actions for money damages. The actions may proceed in the court only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000, or an amount ordered from time to time by the supreme judicial court. Where multiple damages are allowed by law, the amount of single damages claimed shall control."

[3]For this reason, a lien enforcement action most closely resembles a true in rem action, rather than an action "quasi in rem" as the judge below concluded. See *National Lumber Co.* v. *United Cas. & Sur. Ins. Co.*, 440 Mass. 723, 729 (2004) ("the nature of the plaintiff's action is in rem, to enforce a lien"). See generally Nolan & Sartorio, Equitable Remedies § 6.2 (3d ed. 2007). The essential in rem nature of the action is reinforced by the fact that the nominal defendants in this case were foreclosed upon by their mortgage holder in early 2012.

[4]Including expenses incurred "as a result of the unit owner's failure to abide by the requirements of [G. L. c. 183A]," e.g., attorney's fees incurred in attempting to collect common expenses, which "shall be enforceable as common expense assessments." G. L. c. 183A, § 6(a)(ii), as amended by St. 1992, c. 400, § 7.

thus attempting to further the legislative purpose behind the one-trial system by directing a case in which only a small amount of money appeared to be at issue to the District Court. However, $3,700 in unpaid common expenses is not the only issue in this litigation. As noted, the remedy sought by the association is the forced sale of a condominium unit worth in excess of $150,000. The judge will be required to adjudicate the interests not only of the condominium association and the unit owner, but also of all parties with any potential interest in the property, including mortgagees and attaching creditors. See G. L. c. 254, § 5. Indeed, due to the statutory priority provided the lien by G. L. c. 183A, § 6(c), foreclosure of a lien established by that section will often extinguish even a first mortgage.[5] See G. L. c. 254, § 5A. An action of this nature is thus not the type of litigation that the Legislature intended to channel exclusively into the District Courts by instating the one-trial system. See *Zizza* v. *Zizza*, 456 Mass. at 407-408 & n.13.

*Conclusion.* Because the amount-in-controversy requirement of G. L. c. 212, § 3, does not apply to this in rem action to enforce a lien, we vacate the judgment ordering dismissal of the action and remand this matter to the Superior Court.[6]

*So ordered.*

---

[5]Even a condominium association itself, in bringing such an action, may not always be primarily concerned with collecting the particular sum at issue. Instead, given the importance of regular payment of common expenses to the financial stability of a condominium, see *Blood* v. *Edgar's, Inc.*, 36 Mass. App. Ct. 402, 405-406 (1994), a condominium association's chief aim in enforcing its lien may be simply to get the unit into the hands of an owner who can be relied upon to make regular payments.

[6]The association is entitled to assess reasonable attorney's fees and costs for this appeal, which are enforceable as part of its lien under the condominium statute. See G. L. c. 183A, § 6(a)(ii), (c). The association's verified and itemized application for fees and costs may be filed within fourteen days of receipt of this decision. The defendants will then have fourteen days to file an opposition to the amounts requested. See *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004).