Curran, Dennis J., J.
Introduction
This case arises from a motor vehicle accident on November 6, 2009, and a subsequent dispute over insurance coverage. In this action, the plaintiff and insurer Government Employee Insurance Company (GEICO) seeks a declaration that defendant Sasha Baptiste, the insured, and Tesia Pizarro, a passenger in the insured’s vehicle, were uncooperative in GEICO’s investigation, and therefore GEICO is not responsible for making any payments under the insured’s Personal Injury Protection (PIP) coverage.
The defendant Performance Physical Therapy (PPT) moves to dismiss under Mass.R.Civ.P. 12(b)(1) and 12(b)(9). After review, PPTs motion to dismiss is DENIED.
FACTS
The following facts derive from GEICO’s verified complaint and certain docket records of the Lowell District Court submitted by PPT in support of its motion to dismiss.
On or about November 6, 2009, Ms. Baptise and Ms. Pizarro were involved in a motor vehicle accident in the Sovereign Bank parking lot on Everett Avenue in Chelsea, Massachusetts. Ms. Baptiste was the driver and was insured under an automobile insurance policy issued by GEICO.
Following the accident, Ms. Pizarro received physical therapy treatment at PPT in Chelsea, Massachusetts. PPT has submitted Ms. Pizarro’s medical bills in the amount of $3,569.00 to GEICO for payment under the PIP provision in Ms. Baptiste’s insurance policy, and GEICO has declined to pay.
According to the Complaint, during GEICO’s investigation of the accident, Baptiste and Pizarro refused to produce documents and complete an examination. GEICO has cited this alleged lack of cooperation in denying coverage.
There is currently a pending action between PPT and GEICO on the same subject matter in the Lowell District Court (Docket No. 1211-CV-0567). In that case, PPT, as plaintiff, seeks money damages under G.L.c. 90, §34M and G.L.c. 93A for non-payment of PIP benefits for PPT’s treatment of Ms. Pizzaro. The Lowell action was filed on April 5, 2012. There has been a pretrial conference, and that case is scheduled for jury trial on September 25, 2013. GEICO has asserted the affirmative defense of non-cooperation in the Lowell action. Ms. Baptise and Ms. Pizarro are not parties to the pending district court action.
DISCUSSION
The defendant PPT asserts two grounds in its motion to dismiss. First, it contends that dismissal is *364 warranted for lack of subject matter jurisdiction under Mass.R.Civ.P. 12(b)(1), arguing that the amount of money at issue in this case is less than the $25,000 threshold set forth in G.L.c. 212, §3. Second, PPT also asserts that in light of the pending district court action, GEICO’s claim in this case constitutes “claim-splitting,” requiring dismissal under Mass.R.Civ.P. 12(b)(9).
PPT is correct that the Superior Court has “original jurisdiction of all civil actions for money damages [in which] . . . there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000.” G.L.c. 212, §3. However, this limitation applies only to civil actions for money damages. Where GEICO seeks only a declaratory judgment under G.L.c. 231A, the amount-in-controversy limit does not apply. Residences at Cape Ann Heights Condo. Ass’n v. Halupowski, 83 Mass.App.Ct. 332, 334 (2013) (holding that the amount-in-controversy limit applies only in cases where damages are awarded). The Superior Court clearly has subject matter jurisdiction over disputes of this nature. See G.L.c. 231A, §1.
As for PPT’s motion to dismiss under Mass.R.Civ.P. 12(b)(9), that Rule requires dismissal based on the “[p]endency of a prior action in a court of the Commonwealth.” Thus, “[a] dismissal under 12(b)(9) may be appropriate if the parties and issues are identical to those in the prior pending action.” Harvard Community Health Plan, Inc. v. Zack, 33 Mass.App.Ct. 649, 652 (1992). Although the issues in the instant case and in the district court proceeding are intimately related, neither Ms. Baptiste nor Ms. Pizarro are parties to that litigation. For this reason, GEICO’s declaratory judgment claim regarding Ms. Baptiste’s and Ms. Pizarro’s failure to cooperate was not a compulsory counterclaim in the District Court action, see National Lumber Co. v. Canton Inst, for Savings, 56 Mass.App.Ct. 186, 187 (2002), and dismissal under Mass.R.Civ.P. 12(b)(9) is not appropriate. See Electric Ins. Co. v. Fast Track, 81 Mass.App.Ct. 119 (2012) (decision pursuant to Massachusetts Appeals Court Rule 1:28).
ORDER
For these reasons, the defendant Performance Physical Therapy, Inc.’s motion to dismiss is DENIED.