ARI WEITZNER, M.D., P.C. *vs.* CYNOSURE, INC.

No. 13-P-264.

Middlesex. October 4, 2013. - March 13, 2014.

Present: GRAHAM, SIKORA, & HANLON, JJ.

*Practice, Civil,* Class action, Judicial discretion. *Rules of Civil Procedure. Due Process of Law,* Class action, Jurisdiction over nonresident. *Superior Court,* Jurisdiction.

A Superior Court judge correctly denied nationwide class certification for all individuals and entities who received unsolicited facsimile advertisements from the defendant during a twenty-five month period, allegedly in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, where the exercise of personal jurisdiction over out-of-State class plaintiffs would not comport with the due process requirements of the Fourteenth Amendment to the United States Constitution, given that they could neither opt out of the class action nor satisfy the traditional minimum contacts test, and where the suit was not one for predominantly injunctive relief [80-82]; moreover, the judge exercised sound discretion in retaining jurisdiction and entering final judgment on the merits of the plaintiff's individual damages claims [82-84].

CIVIL ACTION commenced in the Superior Court Department on May 24, 2005.

A motion for class certification was heard by *Joseph M. Walker, III,* J., and entry of final judgment was ordered by him.

*Todd C. Bank* (*Christopher J. Marino* with him) for the plaintiff.

*Richard M. Zielinski* for the defendant.

SIKORA, J. The plaintiff, Ari Weitzner, M.D., P.C. (Weitzner), brought a class action complaint in Superior Court for injunctive relief and damages against the defendant, Cynosure, Inc. (Cynosure). A judge denied class certification and subsequently entered judgment on the merits of Weitzner's individual claims. Weitzner has appealed. He contends (1) that the judge wrongly denied certification of the proposed class of plaintiffs, and (2)

that the judge should not have adjudicated the merits of his individual claims because the Superior Court lacked jurisdiction over allegations of damages below the level of $25,000. For the following reasons, we affirm.

*Background.* The following facts emerge from the record as undisputed. Weitzner conducts an ophthalmology practice in Brooklyn, New York; Cynosure is a manufacturer of laser and light-based technology with a principal place of business in Massachusetts. Between April 7, 2004, and May 20, 2004, Cynosure sent Weitzner four unsolicited facsimile advertisements.

On May 24, 2005, Weitzner filed the class action complaint in Superior Court alleging that Cynosure had violated the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227. The TCPA prohibits, inter alia, the transmission of unsolicited advertisements via facsimile. 47 U.S.C. § 227(b)(1)(C). Weitzner requested $1,500 in statutory damages for each violation of the TCPA and an order enjoining Cynosure from "continuing to send unsolicited facsimile advertisements." See 47 U.S.C. § 227(b)(3). Three months later, in August of 2005, Cynosure voluntarily suspended its facsimile transmission program. In February of 2006, a judge denied Cynosure's motion to dismiss the complaint. Weitzner subsequently ignored Cynosure's offer to confess judgment on his individual claims.

In April of 2008, Weitzner moved for certification of a nation-wide class composed of:

> "[a]ll individuals and entities who received a facsimile advertisement transmitted on behalf of Cynosure, Inc. between May 29, 2003 and June 30, 2005 [the class period] at a facsimile number purchased from Westfax, Inc. or Ixion, Inc."[1]

Weitzner alleged that Cynosure had sent more than 3,265,000 unsolicited facsimile advertisements during the twenty-five month class period.[2]

---

[1]The proposed certification excluded from the class "those individuals and entities whose facsimile numbers are among the 6,634 'lead list' numbers contained on the compact dis[c] produced by Cynosure."

[2]In discovery, Cynosure acknowledged that "from time to time, Cynosure

In January of 2012, a second judge denied class certification on two grounds. First, he ruled that the exercise of personal jurisdiction over the nationwide class would not comport with the due process requirements of the Fourteenth Amendment to the United States Constitution because Weitzner sought predominantly monetary relief and the out-of-State plaintiffs could neither opt out of the class action nor satisfy the "traditional minimum contacts test." Second, he concluded that Weitzner did not satisfy the commonality, typicality, predominance, and superiority requirements of Mass.R.Civ.P. 23, as amended, 452 Mass. 1401 (2008).[3] The judge reasoned that Cynosure's liability to each class plaintiff turned, in part, on "whether there was an existing business relationship between an individual class plaintiff and Cynosure or whether Cynosure, through [a] third-party, obtained that plaintiff's facsimile number from a source through which the plaintiff voluntarily agreed to such a distribution."[4]

After the denial of class certification, the same judge entered a final judgment dismissing Weitzner's class action allegations with prejudice, awarding Weitzner $6,000 in damages for receipt of the four unsolicited facsimile advertisements, and permanently enjoining Cynosure from sending Weitzner unsolicited facsimile advertisements in the future. The judge did not address Weitzner's argument that the denial of class certification should have resulted in dismissal of the action without prejudice.

---

caused to be sent facsimiles containing information about the use of laser and light-based technology in the medical field. Cynosure obtained certain of the facsimile numbers to which facsimiles were sent from the recipients themselves, either at workshops, conferences or through direct communications with Cynosure's sales representatives. . . . Cynosure obtained the remainder of the facsimile numbers from a third party vendor, Ixion Corporation."

[3]Under rule 23, the plaintiff must show that (1) the class is sufficiently numerous to make joinder of all parties impracticable, (2) common questions of law or fact exist, (3) the claim of the named plaintiff representative is typical of the claim of the class, and (4) the named plaintiff will fairly and adequately represent the interests of the class. Mass.R.Civ.P. 23(a). In addition, the plaintiff must show that common questions of law or fact predominate over individualized questions, and that the "class action is superior to other available methods for the fair and efficient adjudication of the controversy." Mass.R.Civ.P. 23(b).

[4]Weitzner petitioned a single justice of this court for review of the order denying class certification. See G. L. c. 231, § 118, first par. The single justice dismissed the petition as untimely.

*Analysis.* 1. *Denial of class certification.* a. *Standard of review.*
"A judge has broad discretion to certify or decertify a class
. . . . Indicia of an abuse of discretion include errors of law or
judicial action that is 'arbitrary, unreasonable, or capricious
. . . such as when a judge grants class status on the basis of
speculation or generalization regarding satisfaction of the require-
ments of rule 23, or denies class status by imposing, at the
certification stage, the burden of proof that will be required of
the plaintiffs at trial.' " *Salvas* v. *Wal-Mart Stores, Inc.*, 452
Mass. 337, 361 (2008), quoting from *Weld* v. *Glaxo Wellcome
Inc.*, 434 Mass. 81, 85 (2001). In this instance, the judge com-
mitted no abuse of discretion by either "errors of law" or an
"arbitrary, unreasonable, or capricious" determination.

b. *Due process requirement.* If a class action embodies "claims
wholly or predominantly for money judgments," a forum State
court may "bind an absent plaintiff concerning a claim for
money damages or similar relief at law" if it provides "minimal
procedural due process protection." *Phillips Petroleum Co.* v.
*Shutts*, 472 U.S. 797, 811-812 & n.3 (1985) (*Shutts*). That pro-
tection includes notice, the opportunity to be heard and to
participate in the litigation, and the opportunity to opt out of the
class action. The nonresident members of the proposed class of
plaintiffs possess a claim or a chose in action in the nature of a
"constitutionally recognized property interest." *Id.* at 807, cit-
ing *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S.,
306, 313-314 (1950). An adverse judgment by a State court
adjudication of the class action "may extinguish the chose in
action forever through res judicata." *Shutts, supra* at 807. The
procedural safeguards respect the absentee's property interest.
Their implementation is important because due process does not
require the forum State to have the same minimum contacts
with the nonresident class plaintiff as it would require for jurisdic-
tion over a nonresident defendant. *Id.* at 808-809.[5]

The Supreme Judicial Court has interpreted *Shutts* as "holding

[5]The United States Supreme Court distinguished the interests of the individual
defendant and the class action plaintiff.

"The burdens placed by a State upon an absent class-action plaintiff are
not of the same order or magnitude as those it places upon an absent
defendant. An out-of-state defendant summoned by a plaintiff is faced

that a court may assert personal jurisdiction over a nonresident plaintiff if basic due process protections exist, or if the minimum contacts test is satisfied." *Moelis* v. *Berkshire Life Ins. Co.*, 451 Mass. 483, 487-488 (2008) (Superior Court judge properly denied nationwide class certification under the consumer protection act, G. L. c. 93A, § 9[2], for purchases from Massachusetts company of certain life insurance policies for lack of *both* opt out opportunity and minimum contacts).

Here, neither basis supports the exercise of personal jurisdiction over the out-of-State class plaintiffs. Rule 23 does not allow an individual to opt out of a Massachusetts class action, *Weld* v. *Glaxo Wellcome Inc.*, 434 Mass. at 84; and Weitzner does not dispute that the out-of-State class plaintiffs do not possess "minimum contacts" with Massachusetts.[6] The judge correctly refused to certify the nationwide class on the ground that the exercise of personal jurisdiction over the out-of-State class plaintiffs would have violated the due process clause of the Fourteenth Amendment.

Finally, the record contradicts Weitzner's contention that the suit sought "predominantly injunctive relief" so as to free him

> with the full powers of the forum State to render judgment *against* it. The defendant must generally hire counsel and travel to the forum to defend itself from the plaintiff's claim, or suffer a default judgment. The defendant may be forced to participate in extended and often costly discovery, and will be forced to respond in damages or to comply with some other form of remedy imposed by the court should it lose the suit. The defendant may also face liability for court costs and attorney's fees. These burdens are substantial, and the minimum contacts requirement of the Due Process Clause prevents the forum State from unfairly imposing them upon the defendant."

*Shutts, supra* at 808.

"In sharp contrast to the predicament of a defendant haled into an out-of-state forum," a potential class action plaintiff maintains a relatively small stake in the litigation and receives the benefit of pooled resources and administration of his claim. *Id.* at 809.

[6]Under the minimum contacts standard a court may exercise personal jurisdiction over a nonresident "when the nonresident establishe[s] minimum contacts in the forum . . . [that] have a basis in some act by which the nonresident purposefully avails himself of the privilege of conducting activities in Massachusetts, thus invoking the benefits and protections of its laws." *Moelis* v. *Berkshire Life Ins. Co., supra* at 488. "In addition, the exercise of jurisdiction over a nonresident must not offend traditional notions of fair play and substantial justice." *Ibid.*

from those due process constraints upon a class action damages suit. See *Allison* v. *Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998) ("monetary relief predominates in [Fed.R.Civ.P. 23][b][2] class actions unless it is incidental to requested injunctive or declaratory relief"). By the time of Weitzner's motion for class certification, Cynosure had suspended its facsimile transmission program and submitted a sworn affidavit that it would not resume the program unless it complied with the TCPA, and neither Weitzner nor the proposed class members had received an allegedly unsolicited facsimile advertisement from Cynosure in approximately three years. At the same time, Weitzner requested nearly $5 billion in damages upon the basis of the allegation that Cynosure had sent more than 3,265,000 unsolicited facsimile advertisements in the past.[7]

2. *Superior Court jurisdiction over the individual damages claims.* Weitzner argues that the judge wrongly proceeded to enter final judgment on the merits of his individual damages claims. In reliance on *Zizza* v. *Zizza*, 456 Mass. 401 (2010) (*Zizza*), he contends that the judge, after denial of class certification, "should have dismissed the action without prejudice for lack of jurisdiction."[8]

In *Zizza*, the plaintiff filed an action in Superior Court alleging that her former husband had breached an agreement for child support. *Id.* at 402. She sought "payment of the alleged child support arrearages" and an order "requiring $262 to be deducted from [father's] weekly pay and given directly to [her]." *Id.* at 403. After a hearing, a Superior Court judge dismissed the complaint for failure to satisfy the amount in controversy requirement applicable to the Superior Court. *Id.* at 404. See G. L. c. 212, § 3, inserted by St. 2004, c. 252, § 2 (civil action for money damages filed in the Superior Court

---

[7]The solidity of the due process ground for denial of class certification makes it unnecessary to address the judge's alternative basis: the plaintiff's failure to satisfy the standards of commonality, typicality, predominance, and superiority required by rule 23, and the need for particularized determination of the origins of the targeted advertisements in existing business relationships or accepted distributions.

[8]That disposition would have left Weitzner's claim unadjudicated and freed him from the preclusion of res judicata for possible renewal of an individual or class action in another jurisdiction.

may proceed to trial in that court "only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000"). The judge rejected the plaintiff's argument that the court had jurisdiction over the complaint "because one type of relief sought in the complaint was . . . an equitable remedy [an order for specific performance] . . . and . . . the Superior Court has the general authority to order such equitable relief." *Zizza, supra* at 404. See G. L. c. 214, § 1 (Superior Court has broad equity jurisdiction).[9] After a single justice of this court vacated the order of dismissal and reported the case to a panel of the court, the Supreme Judicial Court transferred the case on its own motion. *Zizza, supra* at 404-405.

The court concluded that the civil one-trial reform legislation of 2004, see St. 2004, c. 252, now codified in part in G. L. c. 212, § 3, "vest[ed] discretion in [a] Superior Court judge to determine whether or not to exercise jurisdiction over the complaint in such circumstances, thereby either retaining the case for decision in the Superior Court despite the absence of the threshold amount in controversy, or dismissing the case despite the equity claim." *Zizza, supra* at 408. For the exercise of that discretion it recommended "without limitation" such criteria as:

> "[1] the relative predominance of the equitable and damages claims in the particular case — put another way, whether the gravamen of the complaint sounds in equity or law; [2] whether the scope of the action, even with the equity claim included, is more similar to actions fitting within the $25,000 or less amount in controversy limitation; and [3] whether the resolution of the matter will be substantially delayed by dismissal or particularly costly to the parties because of the number of filings that will need to be repeated in the District Court."

*Id.* at 408 n.13.

Appellate review of a judge's exercise of such ancillary

---

[9]The judge reasoned that "the contract claim for damages was paramount, the amount at issue small, and . . . 'the District Court . . . better equipped than the Superior Court to handle such a matter on a time-and-cost-efficient basis,' " *Zizza, supra* at 409, and approved dismissal as applicable to all defendants, *id.* at 410.

jurisdiction proceeds under the usual respectful standard of abuse of discretion; it tests for the presence of "whimsy, caprice, or arbitrary or idiosyncratic notions." *Boulter-Hedley* v. *Boulter,* 429 Mass. 808, 811 (1999) (citation omitted). See *Bucchiere* v. *New England Tel. & Tel. Co.,* 396 Mass. 639, 642 (1986); *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 433 (1979).

Weitzner computes these factors to favor dismissal without prejudice of his surviving individual damages claim because it sounds in law and falls below the $25,000 threshold. The mechanical application of the guidelines should not frustrate the fundamental purpose of the one-trial reform legislation of 2004. For both the Superior and District Courts, the overriding objective of their common legal and equitable jurisdictional authority became the efficient adjudication of the merits of a case. See *Sperounes* v. *Farese,* 449 Mass. 800, 804-807 (2007) (discussing the expanded and consolidated authority of the District Court to provide both monetary and injunctive relief as a means "to increase efficiency in the trial courts" by elimination of the former system of delay and duplication between the two courts); *Zizza,* 456 Mass. at 407 (the "purpose of the one-trial system was to increase the efficacy of trials in the District and Superior Courts over the inefficient [prior] remand-removal system").

In the present circumstances the judge exercised sound discretion to retain jurisdiction and to resolve the case. The claims had been pending in the Superior Court for more than seven years; the judge who denied class certification and entered judgment had become familiar with the facts and the applicable law; Cynosure had offered to confess judgment; and the remaining issues of liability and damages were straightforward. The judge acted with sensible efficiency and fairness. Full and final judgment was proper.

*Judgment affirmed.*