Curia, per

O’Neall, J.
The general rule is, as stated in 1 Saund. 242, a. note 3, that where the words are only actionable because they are spoken of a tradesman, the plaintiff must *20 aver and prove that the words were spoken in relation to his trade. But to this rule, there is one plain and well recognized exception; that where the words are such as affect a man’s credit, then it is neither necessary to aver, nor to prove that they were spoken in reference to the particular trade or business which the party was pursuing. The reason assigned by Starkie, (St. on Sl. 134,) is that of common sense: “A general charge, of a want of credit, necessarily includes the particular one, and is equally pernicious with a more precise allegation.” Nor is there any artificial rule which prevents us from adopting this reasonable view. Indeed, all the authorities acknowledge and sustain it, with the exception of the dicta in Serj’t. Williams notes to 1 Saund. 242, a. 3, and 2 id. 307. In these, it is manifest that the learned, and, in general, very accurate editor, did not advert to the distinction which Mr. Starkie has pointed out, and which seems to be well supported by very ancient decisions. In Read vs. Hudson (Ld. Raym. R. 610,) the plaintiff declared in one count that he was a laceman, and that the defendant, speaking of hie trade, said, &c: in another count he says that the defendant, ex ulte-riori malitia sua, de statu of the plaintiff colloquum habens, said these words, “you are a rascal; you are a pitiful sorry rascal; you are next door to breaking.” The question arose on this last count. The court, in the absence of Holt, C. J. gave judgment for the plaintiff, declaring that he was a tradesman, and that, where the words were spoken de statu suo, it is equivalent to arte sua and to be intended of his trade. The words in that case imported a want of credit, they affected his condition, and hence applied to him in his trade as well as any other capacity in which he stood. So in Stanton vs. Smith, (Ld. Raym. R. 1480,) it was held to be actionable to say of a tradesman “he is a sorry, pitiful fellow and a rogue, he compounded his debts at 5s. in the pound,” though there is no colloquium of his trade. That would seem to be in point to this case upon the second count, in which, as in that, there *21 is no colloquium about his trade. In Cawdrey vs. Highly, (Cro. Car. 270.) These words, — “ Thou art a drunken fool and an ass, thou wert never a scholar, and art not worthy to speak to a scholar, and that I will prove and justify,” — spoken to a physician, were held to be actionable without any colloquium concerning his profession. The fact, that the words were in that case addressed to the physician, cannot of itself dispense with the colloquium. The same words spoken of him would have had the same effect. They imputed a want of knowledge, which, like a want of credit, attached to the person and went with him in every business and affected him therein. After these authorities if cannot be necessary to pursue further the defendant’s grounds for nonsuit: they cannot avail him.
Clark, Sf M’Call, for the motion; Gregg § Player, contra.
As to the grounds for new trial; the court held that, on the first, which was a question of fact, the jury had been properly charged, and their decision was final: and that, as to the second, it was no slander of a firm to say that one of the partners was broke. Such words went, not to the particular business, but to the general mercantile character of the individual. In regard to the damages, the court adhered to the opinion of the judge below, that, although, they were much larger than, according to his view of the case, he would have found, yet if there was deliberate malice then the verdict was none too high; and that was a question for the jury, which should not be disturbed on a mere difference of opinion.
Motion dismissed;
Richardson, Evans and Earle, JJ. concurring. Gantt and Butler, J. dissented.

 Com. Dig. action on the case for Defamation, D ; Tom. Law. Diet. Action, ii. 1.