Merrick, PJ.
As its name suggests, plaintiff Public Works Supply Co., Inc. (“PWS”) is engaged in the business of supplying materials for public works projects. PWS alleges that at the request of defendant Kevton Corporation (“the contractor”), it provided certain waterworks materials to be used by Kevton in the installation or repair of certain water and sewer lines. Defendant Ramish Oudan (“the guarantor”) personally guaranteed the contractor’s payment under the contract.
Section 29 of G.L.c. 149 requires any public instrumentality contracting for the construction or repair of public works to obtain from the contractor a bond to secure payment to persons supplying labor and materials furnished to the contractor on the project. The contractor in this case obtained such a bond from defendant Atlantic Mutual Insurance Company (“Atlantic”).
PWS commenced this action on August 20,2003 to recover $11,571.32 it alleged was owed for materials it had supplied. Counts I, II and III of the complaint sought recovery of that amount from, respectively, the contractor for goods sold and delivered, the guarantor on his payment guaranty and Atlantic on the bond. Atlantic moved to dismiss Count III on the ground that the bond statute requires any *168 action to enforce the bond to be brought as a petition in equity in the Superior Court. That motion was allowed, and PWS filed this Dist./Mun. Cts. R. A. D. A., Rule 8A appeal.
With respect to recovering on the bond, G.L.c. 149, §29, para. 2 provides:
In order to obtain the benefit of such bond for any amount claimed due and unpaid at any time, any claimant having a contractual relationship with the contractor principal furnishing the bond, who has not been paid in full for any amount claimed due for the ... materials, ... shall have the right to enforce any such claim (a) by filing a petition in equity within one year after the day on which such claimant last... furnished the ... materials ... included in the claim and (b) by prosecuting the claim thereafter by trial in the superior court to final adjudication and execution for the sums justly due the claimant as provided in this section [emphasis added].
PWS argues, however, that the experimental[2] civil “one trial system” created by St. 1996, c. 358, as amended by St. 2002, c. 70 to apply in Essex Counly and as construed by the Supreme Judicial Court in Ravnikar v. Bogojavlensky, 438 Mass. 627 (2003), permits this bond action to be heard in the Salem District Court along with the other two claims. The Ravnikar Court described the operation of the civil one trial system.
The new system supplants the remand and removal procedures found in G.L.c. 231, §§97-107. For all cases previously governed by those procedures, St. 1996, c. 358 (enabling act) provides a mechanism by which a case may be resolved in a single trial in the District Court. The enabling act grants the District Court equitable powers coextensive with those of the Superior Court in all ‘civil actions otherwise subject to transfer, retransfer, removal and appeal’ under G.L.c. 231, §§97-107 [citation omitted], It also vests the District Court with exclusive jurisdiction over all civil actions in which there is ‘no reasonable likelihood’ that damages in excess of $25,000 will be awarded, again provided that the action was otherwise subject to ‘transfer, retransfer, removal and appeal’ under G.L.c. 231, §§97-107.
Ravnikar v. Bogojavlensky, supra at 632.
Ravnikar involved claims for defamation and invasion of privacy. The defamation claim would have been within District Court jurisdiction under the old remand and removal system. The claim for invasion of privacy under G.L.c. 214, §1B was, it had been assumed, within the exclusive jurisdiction of the Superior Court under that system. The defendant argued in Ravnikar that the civil one trial experiment did not grant the District Court jurisdiction over statutory causes of action where the statute granted exclusive jurisdiction to the Superior Court as such a case had not been one otherwise subject to “transfer, retransfer, removal and appeal.” The Ravnikar Court noted, however, that the purpose of the one trial system was to “increas [e] the efficiency of the court system by allowing actions in which there is no reasonable likelihood of recovery over $25,000 to be resolved expeditiously in the District Court.” Id. at 634. The Court ruled:
We therefore conclude that a District Court, subject to the one trial system, may decide a claim which would normally fall within the exclu *169 sive jurisdiction of the Superior Court, as long as at least one other claim in the same action is within the traditional jurisdiction of the District Court.
Id. To rule otherwise, the Court reasoned, “would create ‘the anomalous situation of requiring bifurcated claims,’ at the District and Superior Court levels, ‘with separate trials and appeals.’” Id.[3]
Thus, as PWS’s contract claims in Counts I and II of its complaint are within the traditional jurisdiction of the District Court, its G.L.C. 149, §29 bond claim against Atlantic may also be decided in the District Court. Id. at 634.
2. Atlantic argues that the instant case is distinguishable from Ravnikar in that there are multiple defendants here, and there is no claim against defendant Atlantic within District Court jurisdiction or formerly subject to “transfer, retransfer, removal and appeal.” We conclude that the Supreme Judicial Court’s reasoning in Ravnikar would extend to such a claim as long as the remaining claims are against defendants who may be permissibly joined under Mass. R. Civ. R, Rule 20(a). Paragraph 2 of Rule 20(a) provides, in part:
All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.”
The claims against the contractor, the guarantor and Atlantic on the bond meet both requirements for permissive joinder.
Accordingly, the dismissal of the action as to Atlantic Mutual Insurance Company is vacated.
So ordered.

 Subsequent to the commencement of this action, the “experiment” was expanded statewide and made permanent by St. 2004, c. 252.

 To the extent Atlantic argues that our decisions in Hart v. Frost, 1993 Mass. App. Div. 185 and Brossi v. Fisher, 1999 Mass. App. Div. 99 support its contrary argument, we note that both were written prior to Ravnikar.