Fiandaca, J.
This matter is before the Appellate Division by way of an expedited appeal pursuant to Dist./Mun. App. Div. R., Rule 8A The motion judge allowed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Mass. R. Civ. P., Rule 12(b) (6). For the reasons set forth below we affirm the order of dismissal.
Background
The facts, taken from the pleadings, Iannacchino v. Ford Motor Co., 451 Mass. 623 (2008), and as relevant here are as follows.
The plaintiff, Optimum Care Physical Therapy & Rehabilitation, Inc., (Optimum), is a provider of medical services, including, as the name suggests, physical therapy and rehabilitation services. The defendant Arbella Mutual Insurance Company (Arbella), is an automobile insurer.
On January 18, 2012, Marcos Mendes was injured while he was either a passenger in a motor vehicle or a pedestrian struck by a motor vehicle. The motor vehicle was insured by Arbella. Mendes sought medical treatment from Optimum, and Optimum billed Arbella pursuant to the terms of the Massachusetts automobile policy’s Personal Injury Protection (PIP) beneSts provisions. Under the policy terms, Arbella was responsible for the first two thousand dollars of reasonable and necessary medical expenses, and Mendes’ health insurer, if any, would be asked to pay thereafter. If the health insurer could not or would not pay, then, upon billing, Arbella may have become responsible for, at most, an additional six thousand dollars. There are substantive and procedural conditions precedent to Arbella’s obligation to pay the additional PIP.
Arbella paid the first two thousand dollars billed by Optimum for care Optimum rendered to Mendes, but did not pay additional bills. The plaintiff filed its complaint alleging that it had submitted such bills to Arbella and had met the conditions precedent, that Arbella’s failure to pay was a violation of its obligations pursuant to the terms of the policy and G.L.c. 90, §34M (count one), that the failure to pay constituted an unfair or deceptive act or practice, in violation of G.L.c. 93A §11 (count two), that the failure to pay constituted an unfair claims settlement practice, in violation of G.L.c. 176D, §3, and so constituted a violation of G.L.c. 93A §2 (a) (count three), and, *162 finally, that Arbella’s conduct in failing to pay the claim constituted a restraint of trade in violation of G.L.c. 93, §§4 and 5 (count four).
At the outset we note that the parties disagree as to what is before this court. Arbella’s motion was styled “Defendant’s Motion to Dismiss or in the Alternative For Summary Judgment,” and was supported by an affidavit from Arbella’s Claims Service Specialist. The judge endorsed the motion, “After healing, defendant’s motion to dismiss is allowed.” The clerk’s notice of the result, bearing the heading “Judgment of Dismissal,” a copy of which was included in the record before us, recites” [o]n the above action, by summary judgment, it is hereby ORDERED AND ADJUDGED by the Court, or judgment is hereby entered directly by the Clerk-Magistrate ... that this action be dismissed, and that the Plaintiff(s) named above taire nothing.” The defendant urges us to conclude thereby that the judge intended that summary judgment enter. We are unpersuaded.
The judge had before him both the motion to dismiss and the motion for summary judgment. They were before him in the alternative, and his own order, entered by his hand and under his signature as a marginal endorsement on the motion, allowed the motion to dismiss. The judge did not rule or act upon Optimum’s request for a continuance, made by motion pursuant to Rule 56(f), and the lack of such ruling is consistent with, and lends support to, our determination that the judge acted on the Rule 12(b) (6) motion to dismiss. The parties disagreed at argument before us as to whether the judge considered documents beyond the complaint in ruling upon the motion. The judge surely knew the law, and, had he determined to consider the other submissions of the defendant, he would have acted upon the motion for summary judgment. That he chose to dismiss the action rather than render judgment for either party, and the absence of clear evidence that the judge considered such submissions in ruling on the motion, compels us to resolve the matter in favor of the plain language used by the judge. Accordingly our review is limited to whether the allowance of the motion to dismiss was error.
Discussion
Our review of the dismissal pursuant to Rule 12(b) (6) is de novo. See Eigerman v. Putnam Invs., Inc., 66 Mass. App. Ct. 222, 225 (2006); Ockerman v. VA Software Corp., 69 Mass. App. Ct. 771, 774 (2007). To conduct such review “[w]e take as true ‘the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff’s favor....’ Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995).” Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004), quoting Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46,47 (1998).
Count four presents an insurmountable problem for the plaintiff here. It seeks relief for an alleged violation of G.L.c. 93, specifically, that the facts pled make out a case of unlawful restraint of trade, in violation of G.L.c. 93, §4, and/or an attempt to monopolize a part of trade, in violation of c. 93, §5. The plaintiff avers that it brings those claims pursuant to G.L.c. 93, §12.
That provision, G.L.c. 93, §12 provides a private right of action for any violation of chapter 93, and directs that “[t]he superior court shall have jurisdiction of actions brought under” that section. Id. The issue of subject matter jurisdiction is, of course, before us. See Mass. R. Civ. R, Rule 12(h)(3) (“Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the *163 court shall dismiss the action”); Id,., Reporter’s Notes.
In Ravnikar v. Bogojavlensky, 438 Mass. 627 (2003), the Supreme Judicial Court had occasion to consider the issue of district court jurisdiction in the context of a claim for relief made pursuant General Laws c. 214, §1B, the statute providing a right of action for the tort of invasion of privacy. That statute provided that “[t [he superi- or court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages.”
In Ravnikar, the matter had initially been dismissed by the superior court judge for lack of jurisdiction because, the judge found, there was no reasonable likelihood of recovery over $25,000. The plaintiff re-filed in the district court, and, after a judgment for plaintiff, the defendant appealed arguing that the district court lacked subject matter jurisdiction over the invasion of privacy claim because of the explicit statutory grant of jurisdiction in the superior court. The Supreme Judicial Court disagreed, reasoning that the legislative intent in crafting the one-trial system was to increase the efficiency of the trial court by allowing actions where there was no reasonable likelihood of recovery over $25,000 to be resolved expeditiously in the district court. Id. at 634. Because the claim for invasion of privacy was included with others over which the district court unquestionably possessed subject matter jurisdiction, the district court could decide that claim as well.
Critically, the plaintiff in Ravnikar initially filed the case in the superior court; the appeal challenged the jurisdiction of the district court to decide the claim after the superior court judge had dismissed it. The Supreme Judicial Court held that the case would have been “subject to transfer under the traditional remand and removal system.” Id. at 633. “Although the practice is disfavored, see Maloney v. Sargisson, 18 Mass. App. Ct. 341, 345 n.6 (1984), a civil action containing both a claim within the exclusive jurisdiction of the Superior Court and a claim over which the District Court has concurrent jurisdiction may be transferred to the District Court pursuant to G.L.c. 231, §102C.... General Laws c. 231, §102C, permits a Superior Court judge to transfer “any civil action” after making a determination that there is no reasonable likelihood that any damage award will exceed $25,000 (emphasis added). See Rule 29(5) of the Rules of the Superior Court (2001). This action contains a defamation claim that falls within the District Court’s traditional jurisdiction. See G.L.c. 218, §19. It follows that, had the plaintiff made her initial Superior Court Sling in a county that did not operate under the one trial system, the action could have been transferred pursuant to G.L.c. 231, §102C.” Id.
In Zizza v. Zizza, 456 Mass. 401 (2010), the plaintiff commenced a civil action in the superior court seeking both money damages and equitable relief. The superior court judge determined that there was no reasonable likelihood of recovery in excess of $25,000 on the money claim, and dismissed the case. The Court interpreted “G.L.c. 212, §3, to vest discretion in the Superior Court judge to determine whether or not to exercise jurisdiction over the complaint in such circumstances, thereby either retaining the case for decision in the Superior Court despite the absence of the threshold amount in controversy, or dismissing the case despite the equity claim.” Id. at 408. If the judge exercised her discretion to dismiss, then the district court would have jurisdiction over both the law and equity claims. Id.
Ravnikar and Zizza thus illuminate our path here, where we must determine whether, in a case filed ab initio in the municipal court which includes a count *164 brought pursuant to G.L.c. 93, §12, jurisdiction lies, or, instead, whether such jurisdiction springs into existence only when a superior court judge dismisses an action filed there. Put another way, the issue here is whether the specific jurisdictional grant in G.L.c. 93, §12 requires that the superior court have “first crack” at the jurisdiction issue, and, only if that court declines to exercise its jurisdiction, will the jurisdiction arising from the specific statutory grant vest in the district or municipal court upon filing. We think it does.
The superior court judge in deciding whether to retain the case for trial or dismiss, may consider such relevant factors as “the relative predominance of the equitable and damages claims in the particular case — put another way, whether the gravamen of the complaint sounds in equity or law; whether the scope of the action, even with the equity claim included, is more similar to actions fitting within the $25,000 or less amount in controversy limitation; and whether the resolution of the matter will be substantially delayed by dismissal or particularly costly to the parties because of the number of filings that will need to be repeated in the District Court,” Zizza, supra, fn.13. The gist of that exercise is that a superior court judge, in whom jurisdiction has been specifically vested by a particular statute, has to determine whether the case is one more appropriate for that court or the district court. And so jurisdiction over a statutory cause of action which the legislature has vested in the superior court does not exist in this court until the superior court declines to exercise it.
Though we note that the analysis we conduct below as to the sufficiency of claims presented in counts one, two and three of the complaint does not apply to count four, we are not able to sever and dismiss count four only; if the Boston Municipal Court lacks jurisdiction over that count, at least in the first instance, as we have concluded, we may not reach the merits of the defendant’s motion to dismiss as to that count. And because we cannot abide bifurcated cases, we must affirm the dismissal of the entire case. Were we to dismiss only the offending count, “we would have the anomalous situation of requiring bifurcated claims... with separate trials and appeals. This result not only lacks support by the text of the relevant statutes discussed above, but also is totally at odds with the efficiency intended by the one trial system.” Herman v. The Home Depot, 436 Mass. 210, 215 (2002).
Because the parties have fully briefed the issue, we note that should the plaintiff choose to re-file the case here without making claim for relief under G.L.c. 93, §12, we are of the opinion that counts one through three, as pled, would be sufficient to defeat a motion to dismiss for failure to state a claim upon which relief can be granted.
“Factual allegations must be enough to raise a right to relief above the speculative level... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....” Iannacchino v. Ford Motor Co., supra at 636, quoting Bell Atl. Corp. v. Twombly, supra at 555.
“Under Mass. R. Civ. P., Rule 12(b) (6), ‘a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim.’ Nader v. Citron, 372 Mass. 96, 98 (1977). ... ‘Furthermore, the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff’s favor, are to be taken as true.’ Ibid. ... ‘[A] complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be *165 entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate.’ Nader v. Citron, 372 Mass, at 104.” New England Insulation Co. v. General Dynamics Corp., 26 Mass. App. Ct. 28, 29-30 (1988).
The plaintiff must merely set forth in his complaint such facts which “sketch [] the bare silhouette of a cause of action.” Coolidge Bank & Trust Co. v. First Ipswich Co., 9 Mass. App. Ct. 369, 371 (1980). “The plaintiff is to be given the benefit of any doubt, Kipp v. Kuecker, 7 Mass. App. Ct. 206, 210 (1979), and must prevail over the motion unless it appears with certainty that he is entitled to no relief under any combination of facts that could be proved in support of his claims. Flattery v. Gregory, 397 Mass. 143, 145-146 (1986). Spinner v. Nutt, 417 Mass. 549, 550 (1994). Bahceli v. Bahceli, 10 Mass. App. Ct. 446, 451 (1980).” Brum v. Town of Dartmouth, 44 Mass. App. Ct. 318, 322 (1998).
The bare silhouette of a cause of action is visible here. The complaint alleges that “[o]n or about January 18, 2012, Marco Mendes was an occupant of a motor vehicle that was involved in an accident in Massachusetts or was a pedestrian struck by a motor vehicle in Massachusetts, and that the vehicle was insured by Arbella. Optimum claims that Mendes was injured in the accident, that Optimum provided medical treatment to him, that the services were reasonable and necessary and casually related to the accident, that they submitted bills to Arbella, that conditions precedent to payment of those bills were satisfied, that Arbella has failed and refused to pay such bills in violation of the insurance contract, and that such bills remained unpaid for more than thirty days. Such facts are sufficient to defeat a motion to dismiss as to count one, and counts two and three similarly are supported by factual allegations[1] which, if true, may entitle the plaintiff to relief pursuant to G.Lc. 93A, §11 and §9.
Conclusion
For the reasons set forth above the decision of the motion judge dismissing the complaint for failure to state a claim upon which relief can be granted is affirmed.

 The complaint avers, among other specific claims, that “the defendant refused to pay the plaintiffs charges for individual medical services in full on the pretext that they were “unreasonable” and/or exceeded what is “usual and customary’ among medical providers in the plaintiffs geographic area for the same or similar services and it made that representation to the plaintiff. ...” The defendant argues that the facts pled lack the specificity required to state a claim. We disagree. The detail here as to this particular insured and the particular medical services allegedly rendered for the loss allegedly suffered on a date certain, meet plaintiffs burden to plead with sufficient specificity. “Under the ‘notice pleading’ requirements of Mass. R. Civ. R, Rule 8(a) (1), it is sufficient if a complaint sets forth ‘a short and plain statement of the claim showing that the pleader is entitled to relief’ which affords the defendant ‘fair notice’ of the nature and basis of the action against him.” Siegel v. Kepa Homes Corporation, 2000 Mass. App. Div. 170 (Northern Division of the District Court), quoting Clark v. Greenhalge, 411 Mass. 410, 413 n.6 (1991): Ciccone v. Smith, 3 Mass. App. Ct. 733, 734 (1975).