This case arises out of a dispute about a final grade for a summer session class at the Boston campus of the University of Massachusetts (UMass). The plaintiff, Michael Hampton, appeals from a summary judgment dismissing his complaint. Hampton's complaint alleged that the defendant instructor Tara Devi S. Ashok committed fraud and defamed him by falsely stating that he had failed her class; Hampton also argues that he was improperly denied necessary discovery. We affirm, essentially for the reasons well explained in the judge's thoughtful memorandum.[2]
"We review a grant of summary judgment de novo to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.' " DeWolfe v. Hingham Centre, Ltd., 464 Mass. 795, 799 (2013), quoting from Juliano v. Simpson, 461 Mass. 527, 529-530 (2012). Ashok, the moving party, has the burden of establishing that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law. See Dias v. Brigham Med. Assocs., Inc., 438 Mass. 317, 319 (2002). We are persuaded that Ashok has done so, as Hampton had no reasonable expectation of proving his case. See Ravnikar v. Bogojavlensky, 438 Mass. 627, 629 (2003).
In order for his fraud claim to succeed, Hampton "must prove 'that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage.' " Copley Place Assocs., LLC v. Téllez-Bortoni, 91 Mass. App. Ct. 186, 187-188 (2017), quoting from Danca v. Taunton Sav. Bank, 385 Mass. 1, 8 (1982). "Such reliance by the plaintiff must be reasonable." Ibid., quoting from Masingill v. EMC Corp., 449 Mass. 532, 540 (2007).
Here, Hampton's final grade was based on the course requirements and method of evaluation expressly detailed in Ashok's class syllabus and distributed to each student at the start of the summer session. Following the grading scale outlined in the syllabus, Ashok determined that Hampton's final grade was 56.52-a failing grade. As a result, her statement that Hampton failed her class was based on her calculations and opinion about the work that Hampton had submitted. Hampton offers nothing to show that Ashok's representation about her opinion was false, much less that Ashok knew it was false. Nor is there even an allegation that Hampton did anything in reliance on Ashok's opinion or that he was harmed by such reliance.
Hampton's defamation claim also fails. To withstand a motion for summary judgment for defamation, Hampton was required to establish that, "(a) The defendant made a statement, concerning the plaintiff, to a third party"[3] ; "(b) [t]he statement could damage the plaintiff's reputation in the community"; "(c) [t]he defendant was at fault in making the statement"[4] ; and "(d) [t]he statement either caused the plaintiff economic loss (traditionally referred to as 'special damages' or 'special harm'), or is actionable without proof of economic loss." Ravnikar, 438 Mass. at 629-630. "[T]he gravamen of the tort of defamation does not lie in the nature or degree of the misconduct but in its outcome, i.e., the injury to the reputation of the plaintiff." Barrows v. Wareham Fire Dist., 82 Mass. App. Ct. 623, 627 (2012). Here, Ashok reported (presumably in writing) Hampton's failing grade only to appropriate UMass officials. Hampton has failed to show harm to his reputation or any financial loss.[5] As a result, we agree with the judge that none of the elements necessary to support a claim of defamation was present here.
Because we conclude there is no genuine issue as to any material fact, we are satisfied that the defendant's motion for summary judgment was properly allowed. See Dias, supra.
Finally, Hampton claims error in the denial of his request for discovery of contact information for fellow students. "The conduct and scope of discovery is within the sound discretion of the judge.... While discovery orders are reviewable on appeal from entry of a final judgment, we do not interfere with the judge's exercise of discretion in the absence of a showing of prejudicial error resulting from an abuse of discretion." Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 799 (1987). After review, we see neither error nor abuse of discretion in the judge's refusal to provide Hampton with private contact information for his fellow students.
The personal contact information in the possession of UMass (or Ashok, as a university professor) of other students in Hampton's anthropology class equates to "education records" protected under the Family Educational Rights and Privacy Act (FERPA). 20 U.S.C. § 1232g(a)(4)(A) (2012). See Champa v. Weston Pub. Schs., 473 Mass. 86, 91-93 (2015). Nonetheless, in this case, in order to provide Hampton with a fair chance at securing possible witnesses for trial, the judge ordered defense counsel to contact each student and ask if the student was willing voluntarily to divulge personal information for Hampton's use. Defense counsel then e-mailed each student the request. As proof of compliance, counsel provided a copy of the correspondence (with e-mail addresses redacted), which is contained in the record. We discern no error.[6]
Judgment affirmed.

Ashok has filed with this court a "Suggestion of Death of Plaintiff-Appellant Michael Hampton," including averments of counsel describing attempts to contact Hampton, a copy of an obituary for a man with what is alleged to be the same full name and date of birth as Hampton, and a copy of an envelope addressed to Hampton but returned by the U.S. Postal Service and marked "deceased." Hampton has proceeded pro se both in the trial court and on appeal. No executor or other personal representative has filed a notice with this court or attempted to appear on Hampton's behalf. We note that, as we understand Hampton's claims, they are tort claims that would not survive his death. See Kraft Power Corp. v. Merrill, 464 Mass. 145, 149-151 (2013). See also Walters v. Nettleton, 5 Cush. 544 (1850). Nonetheless, as the matter on appeal has been briefed, we address the issues presented.

"The statement may be published in writing or some other equivalent medium (in which case it is designated as libel), or, ... orally (in which case it is designated as slander)." Ravnikar, 438 Mass. at 629.

The level of fault required in the case of a statement about a private person is negligence. Ravnikar, 438 Mass. at 630.

According to Hampton's testimony at the second day of his deposition (on September 21, 2015), the veterans program at UMass was paying his tuition.

To the extent that we may not have remarked upon other contentions Hampton raised in his brief, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).