NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-659

JOANNA DEPENA & others.[1]

vs.

KERVIN VALDEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Joanna DePena, Jenny Alvarez, and Julio Meran, appeal from a judgment dismissing their complaint against Kervin Valdez, the defendant, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). The plaintiffs also attempt to challenge the now-retired judge's denial of their postjudgment motion to recuse. We affirm in part and vacate in part.

Background. For purposes of the motion to dismiss, we treat the allegations of the amended complaint as true, see Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 40 (2022). The plaintiffs are affiliated with various nonprofits serving Lawrence, Massachusetts. The defendant operates a business in Lawrence, Massachusetts. The plaintiffs

_____

[1] Jenny Alvarez and Julio Meran.

and the defendant collaborated on a community event designed to provide 40,000 pounds of food to 1,200 families in the greater Lawrence area. A dispute arose as to whether larger, higher priced turkeys should be purchased versus smaller, lower priced turkeys. The defendant purchased the larger, more expensive turkeys, and requested payment from the plaintiffs' nonprofits. On behalf of the nonprofits the plaintiffs refused to pay, claiming that they had not authorized the higher expenditure and requesting invoices. According to the introduction to the amended complaint, the defendant then made comments on social media to the effect that the plaintiffs had "stolen" or misappropriated money intended for charity. The plaintiffs thereafter sued alleging defamation (count one), intentional infliction of emotional distress (count two), and unfair and deceptive trade practices in violation of G. L. c. 93A (count three).

Discussion. 1. Procedure. The plaintiffs contend that the judge erred in treating the defendant's motion to dismiss as such rather than a motion for summary judgment. After the motion to dismiss was filed, the plaintiffs submitted a number of unverified documents in opposition. This filing failed to comport with the requirements of Superior Court Rule 9A or the verification requirements of Mass. R. Civ. P. 56, 365 Mass. 824 (1974). See Bardige v. Performance Specialists, Inc., 74 Mass.

2

App. Ct. 99, 103 (2009), and cases cited (party opposing motion for summary judgment must submit verified affidavits and documents showing facts that would be admissible at trial, and which demonstrate genuine dispute of material fact). The judge ruled, correctly, that the plaintiffs would gain nothing by converting the defendant's motion to one heard under rule 56, see Eigerman v. Putnam Invs., Inc., 450 Mass. 281, 285 n.6 (2007), because the proffered documents could not be properly considered. Moreover, the plaintiffs expressed their assent to this procedure at the hearing before the judge, thus waiving the issue in any event.[2] See Zucco v. Kane, 439 Mass. 503, 509-510 (2003); Nantucket Land Council, Inc. v. Planning Bd. of Nantucket, 5 Mass. App. Ct. 206, 207 n.2 (1977).

2. Dismissal. "We review the grant of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, and determining whether the allegations plausibly suggest that the plaintiff is entitled to relief." Lanier, 490 Mass. at 43.

Our review of the amended complaint is hampered by the complaint itself. The amended complaint is both disorganized and diffuse. Rather than contain a short and plain statement of

_____

[2] When the judge said she would treat the motion as a motion to dismiss, counsel stated, "I understand," and did not object.

the facts, see Mass. R. Civ. P. 8, 365 Mass. 749 (1974), whole sections appear in narrative form, conflating fact, law, and argument. There are no numbered allegations describing the parties. Other paragraphs are numbered, but the numbers repeat, and allegations pertaining to one cause of action appear in a different cause of action. Based on the plaintiffs' responses to our questions at oral argument and our own reading of the amended complaint, we understand the amended complaint to allege claims brought by the individual plaintiffs against the individual defendant, and we assess the sufficiency of the allegations in that context.

a. <u>Defamation</u>. The plaintiffs contend that the defamation claim was dismissed in error. To prove defamation, the plaintiffs must allege "first, the defendant made a statement, of and 'concerning the plaintiff, to a third party'; second, the 'statement could damage the plaintiff's reputation in the community'; third, the defendant was at fault for making the statement; and fourth, the statement caused economic loss or, in four specific circumstances, is actionable without economic loss." <u>Scholz</u> v. <u>Delp</u>, 473 Mass. 242, 249 (2015), quoting <u>Ravnikar</u> v. <u>Bogojavlensky</u>, 438 Mass. 627, 629-630 (2003). Although buried in the discursive introduction, the amended complaint does allege that the defendant posted a false statement on social media to the effect that the plaintiffs

4

"stole" money associated with the community event. This is a form of libel (a statement charging the plaintiffs with a crime), which is actionable without proof of economic loss. Ravnikar, supra at 630; Shafir v. Steele, 431 Mass. 365, 373 (2000); Lynch v. Lyons, 303 Mass. 116, 118-119 (1939). The defamation claim should not have been dismissed.

b. Intentional or reckless infliction of emotional distress. To state a claim for reckless or intentional infliction of emotional distress, "four elements must be established. It must be shown (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community; (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe and of a nature that no reasonable man could be expected to endure it" (citations and quotations omitted). Agis v. Howard Johnson Co., 371 Mass. 140, 144-145 (1976). Allegations of extreme or outrageous conduct therefore must meet a high bar. See Lanier, 490 Mass. at 48. The plaintiffs' amended complaint contains bare and conclusory allegations that track the elements of the cause of action. However, the amended complaint fails to allege

5

underlying facts sufficient to plausibly suggest that the defendant's conduct was so extreme and outrageous as to "flout the most basic community standards of decency and propriety," or that the plaintiffs suffered severe distress, and count two was properly dismissed for this reason.  Id.  In addition, the plaintiffs have not made any appellate argument regarding the dismissal of this claim, and the argument is therefore waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  See also Zoning Bd. of Appeals of Lunenburg v. Housing Appeals Comm., 464 Mass. 38, 55 (2013) (arguments not made on appeal are waived).

c.  Chapter 93A.  The dismissal of the c. 93A claim presents a more complex issue.  The plaintiffs appear to allege the purchase of the turkeys and demand for payment was an unfair and deceptive trade practice, but the underlying transaction, as alleged, was one involving the plaintiffs' nonprofits and the defendant's business, not the plaintiffs and defendant individually.[3]  On appeal, the plaintiffs explicitly ground their

---

[3] To the extent that the amended complaint appears to allege improper billing and pricing, this is a dispute between the plaintiffs' nonprofits and the defendant's business, none of which are parties to this action.  Moreover, there is no allegation in the present complaint that the disagreement regarding cost, billing, or pricing rose above the level of a business dispute between the nonprofit and corporate entities. See generally Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 474 (1991).  Further, there exists a fundamental, threshold question whether the fundraiser constituted commercial

6

c. 93A claim on their claim for intentional infliction of emotional distress, but this claim was properly dismissed. Finally, the plaintiffs (as individuals) complain of damage to their professional reputations as a result of allegedly libelous statements by the defendant as an individual. Such defamation may support a G. L. c. 93A claim. See Dulgarian v. Stone, 420 Mass. 843, 853 (1995); TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 48 Mass. App. Ct. 1, 13 (1999). Where a defamation claim has been improperly dismissed, the G. L. c. 93A claim based on the defamation may also survive. Whether the plaintiffs may bring a claim under G. L. c. 93A, § 9 or § 11 (the complaint fails to allege which), may be decided on remand. On this one basis only, the c. 93A claim should not have been dismissed.

3. Recusal. The judge denied the motion to recuse on the ground that the plaintiffs failed to comply with Superior Court Rule 9A, without prejudice to their right to refile in compliance with the rule. The plaintiffs now claim that this was error. Leaving aside the fact that the motion is now mooted by the judge's retirement, the plaintiffs failed to file a

_____

activity by parties engaged in trade or commerce, a matter as to which there are no allegations in the amended complaint. See Linkage Corp. v. Trustees of Boston Univ., 425 Mass. 1, 23 (1997); Planned Parenthood Fed'n of Am., Inc. v. Problem Pregnancy of Worcester, 398 Mass. 480, 491-493 (1986).

7

notice of appeal from the denial of their motion. See Mass. R. A. P. 3, as appearing in 481 Mass. 1603 (2019); Mass. R. A. P. 4, as appearing in 481 Mass. 1606 (2019). As a result, there is no appeal pending from the order denying the motion, and we cannot review it. While "the letter and spirit of [our rules of appellate procedure] g[i]ve the Appeals Court the power to act -- provided the notice of appeal was filed within one year of the issuance of notice of the order the [plaintiffs] sought to appeal from," no notice of appeal was filed in this case within thirty days, nor was there a motion for leave to file late notice of appeal within the one year period.[4] Commonwealth v. Jordan, 469 Mass. 134, 144 (2014). "A timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal." DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018). Moreover, even if we were able to consider the issue, we would discern no abuse of discretion in the judge's decision to require compliance with the procedural rules applicable to all litigants. Cf. Malden Police Patrolman's Ass'n v. Malden, 92 Mass. App. Ct. 53, 55-56 (2017) (whether to hear motion that failed to comply with rule 9A fell within motion judge's discretion).

---

[4] The motion was denied on March 2, 2022.

Conclusion.  So much of the judgment that dismissed counts one and three, to the extent that the c. 93A claim in count three is based on alleged defamatory statements, is vacated.  In all other respects the judgment is affirmed.

So ordered.

By the Court (Sullivan, Sacks & Ditkoff, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  April 28, 2023.

---

[5] The panelists are listed in order of seniority.